IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO.   JKB-04-0323 |
| | | JKB-06-0467 |
| HOWARD RICE, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

On October 19, 2006, Defendant Howard Rice pleaded guilty in Crim. No. JKB-04-0323 to racketeering in violation of 18 U.S.C. § 1962, racketeering conspiracy in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Judgment, ECF No. 381), and in Crim. No. JKB-06-0467 to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (Judgment, ECF No. 4, Crim. No. JKB-06-0467.)[1]  Rice was sentenced to a total term of 360 months of imprisonment, followed by ten years of supervised release. (ECF No. 381; ECF No. 4, Crim. No. JKB-06-0467.)  On January 13, 2017, Rice filed a Motion to Reduce Sentence based on the retroactive application of Amendment 782 to the U.S. Sentencing Guidelines. (ECF No. 592.) The Court granted his motion on February 14, 2017 and reduced Rice's sentence to 292 months. (ECF No. 600.)  In April 2020, the Bureau of Prisons ("BOP") placed Rice in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and he is currently serving his sentence under the supervision of Volunteers of America Chesapeake. (*See*

---

[1] Unless otherwise noted, references to the record refer to the docket in Crim. No. JKB-04-0323.

ECF Nos. 681-1, 681-2.) Rice has served approximately 75% of his 292-month sentence and has a projected release date of May 8, 2024 according to the BOP.

On August 4, 2021, the Court appointed counsel to represent Rice. (ECF No. 662.) A Motion for Compassionate Release was filed on September 16, 2021, which was withdrawn on December 12, 2021. (ECF Nos. 671, 688.) Rice filed a second Motion for Compassionate Release on July 26, 2022. (ECF No. 694.) Rice's Motion is now ripe and no hearing is required for its disposition. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, Rice's Motion for Compassionate Release (ECF No. 694) will be DENIED.

## I. *Legal Standard and Analysis*

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction," but only "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable[.]" A defendant may only move for compassionate release under § 3582(c)(1)(A) after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Rice submitted a request for a reduced sentence with the Program Director of Volunteers of America Chesapeake and subsequently submitted a request for administrative remedy, in satisfaction of this requirement. (*See* ECF No. 694-7); *see also United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (concluding that the exhaustion requirement in this context "is a non-jurisdictional claim-processing rule").

2

The Court must now decide whether Rice has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release, and if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### A. Extraordinary and Compelling Reasons

Pursuant to 28 U.S.C. § 994(t), the U.S. Sentencing Commission has explained that "extraordinary and compelling reasons" for a sentencing reduction exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant is at least 65 years old, is experiencing serious decline in physical or mental health, and has served at least 10 years or 75% of his sentence; (3) specific family circumstances arise requiring defendant to serve as the caregiver of his spouse or minor children; or (4) other reasons the Director of the BOP deems to be "extraordinary and compelling." *See* U.S.S.G. § 1B1.13 cmt n.1 (A)–(D). Following the passage of the First Step Act of 2018, however, district courts may now "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Rice has not established extraordinary and compelling reasons justifying compassionate release. Rice argues that the fact that the BOP transferred him to home confinement "after deciding he was a low-risk offender" and that "the continued constrictions of home detention have stalled [his] progress as he reenters the community" constitute extraordinary and compelling reasons warranting his release. (ECF No. 694 at 1.) Rice contends that, although he has worked to rebuild his life since being released from prison, including maintaining full-time employment since October 2020, the conditions of his home confinement for such an extended period of time are unreasonable. (*Id.* at 11, 14–16; ECF No. 698 at 2–3.) Specifically, he is limited in when he can go shopping for necessities and must comply with strict scheduling requirements; he is forced to

3

live with his sister rather than getting his own apartment; and he would not be allowed to take a job doing deliveries for Amazon, which would enable him to make more money. (ECF No. 694 at 5–7, 15–16; *see also* ECF No. 694-6.) He also contends that he could still be returned to prison at any time at the discretion of the BOP Director. (ECF No. 694 at 12–14; ECF No. 698 at 3–5.)

The Court recognizes that the conditions of Rice's home confinement restrict his day-to-day movements. However, the conditions Rice challenges do not sufficiently differentiate him from other similarly situated individuals placed on home confinement under the CARES Act to constitute extraordinary and compelling reasons justifying a sentence reduction. Further, the unusual circumstances of the Covid-19 pandemic have afforded him a level of freedom to which he otherwise would not have been entitled. *See United States v. Cruz,* Crim. No. TDC-17-0300, 2022 WL 2953607, at *2 (D. Md. July 26, 2022) (rejecting argument that "conditions [of home confinement] are too onerous" because "but for the BOP's decision to allow [the defendant] to serve part of [her] sentence on home confinement, she would be serving the time . . . in a federal prison, without any ability to provide assistance to her family and the family business"). Accordingly, the circumstances of Rice's confinement do not amount to extraordinary and compelling reasons.

### B. Section 3553(a) Factors

Even if Rice had established extraordinary and compelling reasons warranting a sentence reduction, the Court concludes that the § 3553(a) sentencing factors weigh against granting him relief. *See* 18 U.S.C. § 3582(c)(1)(A). When imposing a sentence, federal district courts must consider:

> (1) [the defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the

4

applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

*United States v. Bryant*, Crim. No. CCB-95-202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020);

*see* 18 U.S.C. § 3553(a)(1)–(6).

Considering these factors, the Court concludes that they do not favor a sentence reduction. Following this Court's reduction of Rice's sentence in 2017, his sentence is at the lower end of the applicable Guidelines range of 292 to 365 months imprisonment based on the Offense Level of 38 and Criminal History Category of III. (*See* Statement of Reasons, ECF No. 601.) Rice was convicted of four serious offenses stemming from his nearly decade-long involvement as a leader in the Rice Organization, a narcotics-trafficking organization "whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." (Plea Agreement, ECF No. 681-5, at 5–6.) Rice and his co-conspirators "distributed and possessed with intent to distribute more than 150 kilograms of cocaine and more than 30 kilograms of heroin" in the Baltimore area. (*Id.* at 6.) Despite the nonviolent character of the conduct described in the stipulated facts of Rice's offense (*id.* at 5–6), a review of the entire record in this case establishes that the Rice Organization was violent. (*See, e.g.*, ECF No. 448 (judgment against co-defendant Eric Hall for, among other crimes, "[p]ossession and discharge of a firearm in furtherance of a drug trafficking crime resulting in death").)[2] *See United States v. Bowling*, Crim. No. CCB-16-

---

[2] A Supplemental Report prepared by the U.S. Probation Office about Eric Hall further substantiates Rice's involvement in the violent pursuits of the Rice Organization. The Report states that alongside Raeshio Rice, Rice's brother and another co-defendant, Rice "directed Eric Hall to kill . . . individuals identified as being responsible" for abducting and threatening Rice's mother and her boyfriend. Hall Suppl. Report ¶ 6. As a result, Hall shot and killed Dante Green on December 16, 1996. *Id.*

Although Rice objects to the Court's consideration of facts not stipulated by the parties at the time of his sentencing (*see* ECF 694 at 17 & n.3), the Court concludes that it is appropriate to do so here, where it appears that further investigation of the Rice Organization led to the uncovering of additional information about the enterprise after Rice's sentencing. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a [federal court] may receive and consider for the purpose of imposing an appropriate sentence."); *see also United States v. Clark*, Crim. No. 19-0152, 2021 WL 1254477, at *1–2 (M.D.N.C. Apr. 5, 2021) (applying the "relaxed" standard "allow[ing] sentencing courts to consider

0267, 2021 WL 5845150, at *3 (D. Md. Dec. 8, 2021) (considering defendant's conceded membership in a gang that "routinely engaged in violent activities" in denying compassionate release of defendant convicted of drug distribution racketeering conspiracy) (*aff'd*, No. 22-6005, 2022 WL 2387075 (4th Cir. July 1, 2022)). Thus, Rice's sentence remains appropriate "to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public." *Bryant*, 2020 WL 2085471, at *4; *see* 18 U.S.C. § 3553(a)(2)(A)–(C).

The Court applauds Rice's impressive disciplinary record while incarcerated and significant efforts towards rehabilitation, and appreciates the letters of support from his family and community members on his behalf. (*See* Nos. ECF 694-1, 694-2, 694-4, 694-9.) However, the Court concludes that these circumstances are insufficient to warrant a further downward adjustment of the sentence given the nature of Rice's conviction and involvement in the violent Rice Organization. Accordingly, in consideration of the § 3553(a) factors, Rice's 292-month sentence remains "sufficient, but not greater than necessary, to comply with the purposes [of incarceration]." 18 U.S.C. § 3553(a). This conclusion would warrant denying compassionate release even if Rice's circumstances rose to the level of extraordinary and compelling reasons for a potential sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

## II.     *Conclusion*

For the foregoing reasons, Rice's Motion for Compassionate Release (ECF No. 694) is DENIED.

DATED this  24  day of October, 2022.

---

'any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy'" to motions for compassionate release).

6

BY THE COURT:

James K. Bredar
Chief Judge

7